38611. LESTER v. WHITEHEAD.

DECIDED FEBRUARY 21, 1961.

*Raymond E. Lester,* for plaintiff in error.

*Vane G. Hawkins, Marvin D. Pierce,* contra.

FELTON, Chief Judge. ■ Unless the plaintiff in error can show that the plaintiff in the court below as a matter of law was not entitled to recover, the judgment of the trial court is correct. There was no demurrer to the petition. Construing the petition in favor of the plaintiff it alleges that the defendant agreed to pay him a 10% commission on all sales which he procured from the two named prospective purchasers, who were the plaintiff's clients. The evidence was conflicting, but the testimony authorized a verdict for the plaintiff. It did not demand a verdict for either party. The plaintiff in error contends that the essential elements of a valid contract were not

proved. The principal point urged is that the proof did not show a meeting of the minds of the parties. The testimony of the parties was in direct conflict as to whether the contract alleged was entered into. The evidence authorized a finding that there was such a contract. It seems to be the contention of the plaintiff in error that because the defendant denied the contract there was no meeting of the minds. Such a contention is patently without merit for the very obvious reason that the credibility of witnesses is a question exclusively for the jury under the circumstances here. The defendant in error may as well argue that he should have a verdict as a matter of law because he testified that there was such a contract. The sole question in this case was which party the jury believed as to whether the contract alleged was made. The court did not err in overruling the motion for a judgment notwithstanding the verdict.

■ Another contention of the plaintiff in error is that the evidence did not authorize the amount found by the jury which was about half what it should have been in view of the finding for the plaintiff in the trial court. There is no exception to the overruling of a motion for a new trial, so, since there is no showing that the defendant in the trial court was entitled to a verdict in his favor as a matter of law, the contention is without merit. As we see it the motion for a judgment notwithstanding the verdict does not raise the point involved in this second contention of the plaintiff in error.

*Judgment affirmed. Nichols and Bell, JJ., concur.*